The STATE ex rel. CICERO, Appellee,

v.

STATE TEACHERS RETIREMENT BOARD, Appellant, et al.; Niles Board of Education, Appellee.

[Cite as *State ex rel. Cicero v. State Teachers Retirement Bd.* (1991), 77 Ohio App.3d 823.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP-546.

Decided Oct. 24, 1991.

*Martin, Pergram, Browning & Parker, Dennis Pergram* and *James Dietz,* for appellee Carmen Cicero.

*Lee I. Fisher,* Attorney General, and *Shawn H. Nau,* Assistant Attorney General, for appellant.

*Vorys, Sater, Seymour & Pease* and *John Landolfi,* for appellee board of education.

McCormac, Judge.

Relator, Carmen Cicero, instituted this action in the Franklin County Court of Common Pleas seeking a declaratory judgment, damages, and a writ of mandamus ordering respondents, State Teachers Retirement System and its board of directors ("STRS"), to accept employee and employer retirement contributions on a $4,030 arbitrator's award entered on behalf of Cicero in a dispute with the Niles City School District.

Cicero was employed as a teacher with the Niles School District and was covered by a collective bargaining agreement between the Niles Classroom Teachers Association and the Niles City School District. The dispute centered on the posting of an athletic director's supplemental contract position. Cicero filed a grievance, pursuant to the bargaining agreement, on behalf of all certificated employees, alleging that the position was improperly posted. The matter went to arbitration where the arbitrator ruled in Cicero's favor and awarded $4,030 to Cicero as a grievant. The arbitrator's award concluded that the grievants should be made whole for lost earnings incurred as a result of the school board's failure to properly post the supplemental position.

■ The arbitrator's decision concerning the school board's liability is not at issue herein. What is at issue is whether the award constitutes compensation, as defined by R.C. 3307.01(V)(1), and is thereby subject to employee and employer STRS contributions. The Niles School Board remitted contributions on the arbitrator's award, which were returned by STRS. As a result, Cicero commenced an action in the Common Pleas Court of Franklin County, which entered judgment for Cicero and issued a writ of mandamus ordering STRS to accept contributions on the $4,030 amount.

While STRS has failed to specifically advance any assignments of error as mandated by App.R. 12, its brief essentially contends that the trial court erred as a matter of law in concluding that the arbitrator's award was compensation, as defined by R.C. 3307.01(V)(1).

R.C. 3307.01(V)(1) provides, in part:

"(V)(1) Except as otherwise provided in this division, 'compensation' means all salary, wages, and other earnings paid to a member by reason of his employment including compensation paid pursuant to a supplemental contract. * * *"

The award granted Cicero was the result of the Niles School Board's failure to properly post the supplemental position of athletic director. Since notice of the position was not properly communicated to potential applicants, persons, including Cicero, who might have filed an application and did not were not considered for the position. The arbitrator's award, which is not at issue, puts Cicero in the position that he would have been in if he had applied and obtained the position.

R.C. 3307.01 provides that earnings paid pursuant to a supplemental contract are subject to STRS contributions. The arbitrator's award is a legal remedy for the wrongful denial of the opportunity to compete for the supplemental position. If Cicero had been hired as the athletic director, there is no question that his earnings would have been subject to STRS contributions. Consistently, a damage award that makes Cicero whole for his wrongful exclusion from the position and loss of compensation should also be subject to STRS contributions. The award places Cicero in the same economic position that he would have been in had the school board properly posted the position and he had obtained it.

■ R.C. 3307.01(V)(1) includes "other earnings" as compensation for purposes of STRS contributions. Damages were awarded to Cicero as a grievant who was wrongfully excluded from consideration for supplemental employment as athletic director. Supplemental earnings are compensation; therefore damages in the exact amount of earnings denied an excluded employee,

but later judicially ordered, constitute "other earnings" under R.C. 3307.-01(V)(1). Cicero's other earnings were compensatory damages for the board's failure to allow him to compete for the supplemental position and, in essence, were for "performance" of a supplemental contract.

STRS also argues that compensation is synonymous with payment for services rendered and, since Cicero did not perform the duties of the athletic director, he cannot be "compensated" for that position. We do not agree. An award of back pay for a wrongfully discharged employee presents an analogous situation. The employee performs no services but is awarded compensation because the employer prevented him from performing and earning wages therefor. Our cursory research has revealed no fewer than nine cases where an employee has been awarded back pay and retirement system benefits were ordered as deductions. *State ex rel. Hamlin v. Collins* (1984), 9 Ohio St.3d 117, 9 OBR 342, 459 N.E.2d 520, and *Frith v. Bd. of Edn., Princeton City School Dist.* (July 14, 1982), Hamilton App. No. C–810789, unreported, 1982 WL 8619, are illustrative. We see no distinction between the present action and a successful action for back pay in regard to the issue of retirement contributions. The plaintiff is not placed economically in the same position if he is denied service credit and retirement accrual for the earnings for which he had to sue.

*Frith, supra,* is a case in which the court expressly held that back pay for a wrongfully excluded employee is compensation. The court stated:

"Finally, appellant argues that to make appropriate deductions and contributions to the State Teachers Retirement System, based on the judgment of $25,880 as ordered by the trial court, would be illegal under R.C. 3307.51. We do not agree. The statute requires that deductions and contributions be based on earned income. This court in the first appeal ruled that appellee was deemed reemployed for the 1978–79 school year. Thus, he was employed for the amount of $25,800, which we hold to be earned compensation for purposes of R.C. 3307.51. * * *" *Id.* at 3–4.

While *Frith* dealt with R.C. 3307.51, the definition for compensation contained in that section is supplied by R.C. 3307.01. STRS also argues that Cicero was merely a representative plaintiff. However, the parties stipulated that he was a member of the class of certificated employees named as grievants.

Thus, the arbitrator's award to Cicero was compensation under R.C. 3307.-01(V)(1) for which he and the board of education have a clear legal right to submit retirement contributions and STRS has a clear legal duty to accept those payments.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and TYACK, JJ., concur.